UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

---

AUTHENTICOM, INC.,

            Plaintiff,

v.

CDK GLOBAL, LLC, and THE REYNOLDS
AND REYNOLDS COMPANY,

            Defendants.

Case No. 17-cv-318

---

**EMERGENCY MOTION FOR STATUS CONFERENCE
AND PRELIMINARY INJUNCTION SCHEDULE**

---

Plaintiff Authenticom, Inc. seeks a telephonic status conference with the Court as soon as possible to set a schedule for (1) briefing a preliminary injunction motion and (2) an evidentiary hearing on that motion. Today, Authenticom filed a Complaint against CDK Global, LLC ("CDK") and The Reynolds and Reynolds Company ("Reynolds") alleging that Defendants are engaging in violations of antitrust law that, unless enjoined, will imminently put Authenticom out of business. Authenticom is preparing to file a Motion for Preliminary Injunction on or before May 10, 2017 and requests an expedited briefing and hearing schedule for this motion.

**BACKGROUND AND REASONS FOR URGENCY**

Defendants' antitrust violations are on the verge of putting Authenticom out of business. As explained in more detail in the Complaint, Authenticom provides valuable data integration services to application providers and automobile dealers throughout the United States. Compl., ¶¶ 75-85. Authenticom had built a thriving business in La Crosse, Wisconsin that grew from a single employee at its inception in 2002 to over 120 employees today. *Id*. However, as a direct result of Defendants' collusion and anticompetitive conduct, Authenticom has experienced a sharp decline in revenues, and its once-growing business is now cash flow insolvent. Compl., ¶¶

231-32. Authenticom's outside auditor has expressed "substantial doubt" about whether Authenticom will be able "to continue as a going concern," and its bank has put Authenticom on a 90-day forbearance that expires on July 15, 2017. Without this Court's immediate intervention, Authenticom is at significant risk of having to close its operations, putting its more than 120 Wisconsin employees out of work.[1] This, in turn, would disrupt the important services Authenticom provides to car dealers throughout the nation.

At the preliminary injunction hearing, Authenticom will show that the decline of its business is a direct result of Defendants' violations of federal antitrust law. Defendants have entered into a per se illegal agreement to eliminate competition in the market for data integration services. Pursuant to that agreement, Defendants entered into a market division agreement – one that they actually reduced to writing – by which they agreed not to compete with each other. And then in order to destroy Authenticom – their last remaining competitor for data integration – Defendants have engaged in a relentless campaign to block Authenticom from accessing dealer data, thereby causing massive and ongoing damage to Authenticom's business and relationship with its customers. Compl., Parts II and III. Authenticom's Motion for a Preliminary Injunction will seek targeted relief to enjoin that anticompetitive conduct and permit Authenticom to operate its business free from that illegal conduct's effects.

---

[1] *See Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc.*, 549 F.3d 1079, 1089 (7th Cir. 2008) (evidence of "severe financial stress . . . that could ultimately force [a company] into insolvency," or evidence of a "risk to the organization's significant goodwill," supports a finding of irreparable harm for which there is no adequate remedy at law); *Roland Machinery Co. v. Dresser Industries, Inc.*, 749 F.2d 380, 386 (7th Cir. 1984) (damages ready is inadequate when the "damage award may come too late to save the plaintiff's business" (quoting *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1204–05 (2d Cir. 1970) (Friendly, J.)).

Defendants are the two largest providers of Dealer Management System ("DMS") software, which is enterprise software that manages every aspect of an auto dealership's business and stores all of the dealer's data. Compl., ¶¶ 27-32. The dealer data stored on the DMS is owned by the dealer. Compl., ¶ 46. In addition to the functionality provided by the DMS, dealers rely on third-party application providers to perform a number of functions important to their businesses – including customer relationship management, inventory management, vehicle registration and titling, scheduling of service and repairs, and many others. To perform those functions, applications providers must have access to dealer data. *Id*. Data integrators, such as Authenticom, provide application providers with the necessary dealer data. With dealers' authorization, data integrators pull raw data from dealers' DMS databases, convert the data into standardized formats, and then provide that data to third-party application providers. Compl., ¶ 53.

CDK and Reynolds – which also compete in the market for data integration services – have colluded to block competition in this market for data integration on their respective DMS platforms. Compl., Parts II and III. CDK and Reynolds entered into a written agreement in which they agreed not to compete in the data integration market and therefore divide the market between themselves. *Id*. CDK and Reynolds have also agreed to drive independent data integrators like Authenticom out of business by, among other things, blocking their ability to access dealer data. *Id*. CDK and Reynolds have furthered their goal to drive out competition in the data integration market by imposing exclusive dealing requirements on dealers and application providers. *Id*.

The unlawful collusion between CDK and Reynolds has been successful. Defendants have systemically driven third-party data integrators out of the market. Although at one time

there were over a dozen providers in this market, Authenticom is the last remaining competitor to CDK and Reynolds. Defendants have taken advantage of their market power and unlawful collusion in the data integration market by raising their prices to supracompetitive levels. While Authenticom charges application providers approximately $50 per month for its data integration services, CDK and Reynolds charge between $300 and $800 for the same services. Due to the massive price increases imposed by CDK and Reynolds, application providers have had no choice but to pass much of the increased fees on to dealers, resulting in widespread harm to the whole industry.

## PROPOSED PRELIMINARY INJUNCTION SCHEDULE

In light of the imminent irreparable harm that Authenticom is facing, an expedited briefing and hearing schedule is necessary. Authenticom requests the following briefing schedule:

- Authenticom will file its Motion for a Preliminary Injunction and supporting materials on or before May 10, 2017;

- Defendants will file any motion in opposition and supporting materials on or before May 24, 2017;

- Authenticom will file any reply and supporting materials on or before June 5, 2017.

Following briefing, Authenticom requests that this matter be set for a two-day evidentiary hearing for the week of June 12, 2017. Authenticom requests a telephonic status conference at the Court's earliest convenience to discuss the foregoing.

The parties have had some initial communications regarding this matter through counsel. Accordingly, counsel for Authenticom has served the Complaint and this motion on counsel for both Defendants as noted in the attached certificate of service.

Dated:  May 1, 2017

Respectfully submitted,

*s/ Jennifer L. Gregor*

Jennifer L. Gregor
Mark W. Hancock
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI 53703
Phone: 608-257-3911
Fax:     608-257-0609
Email: jgregor@gklaw.com,
mhancock@gklaw.com

Michael N. Nemelka *(pro hac vice forthcoming)*
Aaron M. Panner *(pro hac vice forthcoming)*
David L. Schwarz (*pro hac vice forthcoming*)
Kevin J. Miller (*pro hac vice forthcoming*)
Derek T. Ho *(pro hac vice forthcoming)*
Joshua Hafenbrack *(pro hac vice forthcoming)*
Joanna T. Zhang *(pro hac vice forthcoming)*
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Phone: (202) 326-7900
Fax:     (202) 326-7999
Email: mnemelka@kellogghansen.com
           apanner@kellogghansen.com
           dschwarz@kellogghansen.com
           kmiller@kellogghansen.com
           dho@kellogghansen.com
           jhafenbrack@kellogghansen.com
           jzhang@kellogghansen.com

*Attorneys for Plaintiff Authenticom, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on May 1, 2017, a true and correct copy of the foregoing motion has been served on the following by email.

Aundrea K. Gulley
Gibbs & Bruns LLP
1100 Louisiana, Suite 5300
Houston, TX 77002
agulley@gibbsbruns.com
*Attorneys for The Reynolds and Reynolds Co.*

Mark W. Ryan
Mayer Brown LLP
1999 K Street, N.W.
Washington, DC 20006-1101
mryan@mayerbrown.com
*Attorneys for CDK Global, LLC*

Britt M. Miller
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL 60606
bmiller@mayerbrown.com
*Attorneys for CDK Global, LLC*

Dated: May 1, 2017　　　　　　　　　　　　　　　　　*s/ Jennifer L. Gregor*
　　　　　　　　　　　　　　　　　　　　　　　　　　Jennifer L. Gregor