# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

AUTHENTICOM, INC.

        Plaintiff,

Case No. 17-cv-318

vs.

CDK GLOBAL, LLC; and THE REYNOLDS AND REYNOLDS COMPANY

        Defendants.

## MOTION FOR PRELIMINARY INJUNCTION

In accordance with Federal Rule of Civil Procedure 65, Plaintiff Authenticom, Inc. moves for an order enjoining Defendants CDK Global, LLC ("CDK") and The Reynolds and Reynolds Company ("Reynolds") from blocking or disabling Authenticom's access to dealer data and from enforcing their exclusive dealing provisions imposed on dealers and vendors in order to block Authenticom.

Accompanying this motion are: (1) Authenticom's brief in support of this motion; (2) statement of facts in support of this motion; (3) three expert declarations and five factual declarations in support of this motion; and (4) a proposed order.

In view of the imminent collapse of its business that Authenticom is facing, Authenticom seeks an expedited briefing and hearing schedule. Before filing this motion, Authenticom proposed to Defendants the following briefing and hearing schedule: June 7, 2017, for Defendants' opposition papers; June 16, 2017, for Authenticom's reply; and a two-day evidentiary hearing on June 22 and 23, 2017 (or at the Court's earliest convenience).

## Grounds for the Motion

In further support of this motion, Authenticom states as follows:

1. On May 1, 2017, Authenticom filed its Complaint against Defendants CDK and Reynolds alleging five causes of action: (1) a horizontal conspiracy in violation of Section 1 of the Sherman Act; (2) exclusive dealing in violation of Section 1 of the Sherman Act; (3) illegal tying in violation of Section 1 of the Sherman Act; (4) monopolization of dealer data integration aftermarkets in violation of Section 2 of the Sherman Act; and (5) tortious interference.

2. Authenticom has demonstrated the necessary elements for preliminary injunctive relief: (1) it will suffer irreparable harm absent an injunction; (2) legal remedies are inadequate; and (3) its claim has some likelihood of success on the merits. *See Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008). Both the balance of harms and public interest also weigh in Authenticom's favor. *See id.* at 1100.

3. Authenticom is likely to succeed on the merits of its claims. Even before discovery, Authenticom has extensive evidence (including written agreements and opposing-party admissions) that Defendants horizontally colluded to divide the market for dealer data integration services and to block Authenticom, which constitutes a per se violation of Section 1 of the Sherman Act. Defendants' conduct also constitutes unlawful exclusive dealing, tying, and monopolization that violates Sections 1 and 2 of the Sherman Act.

4. Authenticom is suffering irreparable harm directly resulting from Defendants' collusion, unlawful contractual restraints, and blocking activities. Unless Defendants' unlawful conduct is enjoined, Authenticom is facing imminent bankruptcy and the loss of customer goodwill it has built-up over 15 years in business. As a result of Defendants' conduct, Authenticom is cash flow insolvent, cannot satisfy its obligations to its creditors, and cannot

obtain additional credit. A targeted preliminary injunction would allow Authenticom to operate its business free from Defendants' blocking – permitting Authenticom to survive as a going concern during the pendency of the litigation.

5. The balance of harms also favors Authenticom. A preliminary injunction would preserve Authenticom's business and the jobs of its 120 employees, while imposing no unfair burden on Defendants – which will remain free to compete in the market for dealer integration services.

6. The public interest is also furthered by a preliminary injunction. Thousands of car dealers and application providers are suffering ongoing, extensive harm from Defendants' unlawful conduct, which has resulted in massive price increases and reduced competition for dealer data integration services. Restoring free competition and allowing dealers to do business with the data integration provider of their choice is strongly in the public interest.

**Relief Requested**

WHEREFORE, Plaintiff Authenticom, Inc. requests that this Court grant and enter a preliminary injunction against Defendants CDK and Reynolds in the form of the proposed order attached.

Dated: May 18, 2017

Respectfully submitted,

*s/ Jennifer L. Gregor*

Jennifer L. Gregor
Mark W. Hancock
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, WI 53703
Phone: 608-257-3911
Fax:    608-257-0609
Email: jgregor@gklaw.com,
mhancock@gklaw.com

Michael N. Nemelka *(pro hac vice)*
Aaron M. Panner *(pro hac vice)*
David L. Schwarz (*pro hac vice*)
Kevin J. Miller (*pro hac vice*)
Derek T. Ho *(pro hac vice)*
Joshua Hafenbrack *(pro hac vice)*
Joanna T. Zhang *(pro hac vice)*
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Phone: (202) 326-7900
Fax:    (202) 326-7999
Email: mnemelka@kellogghansen.com
       apanner@kellogghansen.com
       dschwarz@kellogghansen.com
       kmiller@kellogghansen.com
       dho@kellogghansen.com
       jhafenbrack@kellogghansen.com
       jzhang@kellogghansen.com

*Attorneys for Plaintiff Authenticom, Inc.*

17229632.1