IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AUTHENTICOM, INC.,

        Plaintiff,

v.

CDK GLOBAL, LLC and
THE REYNOLDS AND REYNOLDS COMPANY,

        Defendants.

ORDER

17-cv-318-jdp

---

Both CDK and Reynolds have appealed the court's decision to grant Authenticom's motion for preliminary injunction. Dkt. 194 and Dkt. 196. Defendants have asked the court to stay the preliminary injunctions and all associated orders pending appeal. Dkt. 204 and Dkt. 206. In considering a motion to stay pending appeal pursuant to Federal Rule of Civil Procedure 62(c), the court evaluates "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The standard mirrors that for a motion for preliminary injunction.

This case is substantively complex, and the parties have made a voluminous factual record. In the interest of expeditiously deciding the motions to stay pending appeal, the court will assume that defendants have shown that they have some chance of success on appeal.

But it is difficult, at this point, to assess the balance of harms that would result from a stay pending appeal. On one hand, news of the court's injunctions may have stabilized Authenticom's business situation. Authenticom publicized the court's orders to its customers.

Dkt. 205-1 and Dkt. 205-2. The bank did not foreclose on July 15. But if the court were to stay the injunctions during a lengthy appeal, which might last as long as the court's determination of the case on the merits, the benefit of the preliminary injunctions would be lost. On the other hand, the preliminary injunctions will require defendants to expend meaningful effort in allowing Authenticom access to their DMSs. The court is not persuaded that defendants have demonstrated that Authenticom's limited, closely monitored access will significantly increase cybersecurity risks.[1] And the court did not grant the injunction as Authenticom requested, but limited the scope of the injunction to ameliorate the burden on defendants. The balance of these harms—Authenticom's chances of going under versus the costs of implementing the preliminary injunctions—are not easily assessed without knowing how long the appeal will take. The harms that the parties will face depend in large part on whether the Seventh Circuit will expedite defendants' appeals. If so, perhaps Authenticom can weather the stay. If not, a stay pending appeal would effectively eviscerate the preliminary injunction itself.

This much is clear: justice will be served by a prompt decision. So the court will deny the emergency motions to stay to get the issue before the Seventh Circuit as quickly as possible. That court is best positioned to evaluate the respective harms the parties stand to incur during the pendency of the appeal because it can decide how long the appeal will take. Per Reynolds's

---

[1] For example, the court still does not understand Reynolds's argument that it *needs* to be able to see where the data goes. Reynolds implies that vendors will somehow be able to "inflict" harm on it if they come to possess dealer data from its DMS, but Reynolds does not elaborate. Dkt. 205, at 21. Under the preliminary injunction, the vendors do not have access to the Reynolds DMS; only Authenticom does. CDK makes a similarly unconvincing argument regarding write-back access and its potential to corrupt data. But CDK accepted limited write-back access in its proposed form of injunction, which the court incorporated into the terms of the preliminary injunction. *See* Dkt. 183-1.

request, the court will grant a temporary stay of the preliminary injunctions for seven days, to allow it (and CDK) the opportunity to seek emergency relief from the Seventh Circuit.

Entered August 1, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge